Timothy FELLOWS; et al.,
Plaintiffs–Appellants,

v.

John R. GREGORY; et al.,
Defendants–Appellees.

No. 05–15861.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 2007.*

Filed May 16, 2007.

James Andre Boles, Esq., Law Offices of James Andre Boles, Reno, NV, for Plaintiffs–Appellants.

David Stanton, Giocoechea & Digrazia Ltd., Elko, NV, for Defendants–Appellees.

Before: D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM **

Former City of Wells police officer Timothy Fellows appeals the district court's

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

grant of summary judgment in favor of the City and its former Chief of Police LaDon Murray on Fellows's claim he was retaliated against for reporting alcohol and substance abuse by Murray.[1] We affirm.

■ Fellows's evidence raised no triable issue of fact that he suffered a violation of his First Amendment rights because of retaliation for a report of the chief's misconduct. Fellows was not the individual who informed Police Commissioner Hank Chapman of Murray's purported alcohol and substance abuse problem; Officer Pete Turner was. *See Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir.2003) (requiring that government employee engage in "protected speech" to assert First Amendment claim against government employer). Nor is there evidence the commissioner knew Fellows accompanied Turner when the call was made.

■ Fellows's evidence raised no triable issue of fact that he suffered a due process violation as to the requisite notice and hearing before his employment was terminated. The City provided him with notice of the substance of the charges brought against him. It also provided him with hearings regarding his employment termination, before any action was taken. Fellows was informed that adverse employment action was being taken against him because his acts in investigating and reporting the bar fight at the Old West Inn were deficient and reflected a conflict of interest: His report of the fight omitted the fact his girlfriend and his fellow officers were among the brawlers. Nothing in the record supports Fellows's bare assertion that his supervisors were biased against him. Nor does the record support Fellows's claim that the City's policies and practices are unconstitutional.

We also conclude that Fellows's state law claims are without merit. Fellows failed to offer evidence sufficient to raise a triable issue of fact that the cause of his termination was the report against Chief Murray. Indeed, his proofs establish the City's entire department was laid off when the police work was outsourced by the City to the county sheriff. Therefore, his claim for breach of employment contract fails. Fellows's tort claim is barred by Nevada law. *See* Nev.Rev.Stat. § 41.032(2).

Because we affirm the district court, we need not reach the question of whether Murray has qualified immunity.

**AFFIRMED.**

---

1. As the parties are familiar with the facts of the case, we do not recite them except as necessary to explain our disposition.